IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK L. MARTINEZ,

    Plaintiff,

vs.    Civ. No. 06-0099 MV/RLP

CITY OF ALBUQUERQUE, APD, and
UNITED STATES DRUG ENFORCEMENT
SPECIAL AGENT KENDAL JOHNSON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants City of Albuquerque and the Albuquerque Police Department's ("Defendants") Motion to Dismiss, filed April 14, 2006, **[Doc. No. 10]**. Plaintiff did not file a response to Defendants' motion. Failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b).

In their motion, Defendants seek dismissal of the claims against them on the grounds that the claims are barred by the applicable statute of limitations.[1] On February 3, 2006, Plaintiff filed a *pro se* complaint alleging that Defendants conspired with Drug Enforcement Agent Kendal Johnson to obtain and execute an improper search warrant in order to plant firearms in his home in violation of his constitutional rights. The complaint does not indicate when the search warrant was executed but documents attached to the complaint indicate that the search of Plaintiff's home

---

[1] Defendant Albuquerque Police Department also contends that it should be dismissed because it is not a separate suable entity. Because Plaintiff's claims against Defendant Albuquerque Police Department are time barred, the Court need not address any alternative grounds for dismissal.

occurred on January 13, 2003.[2]

The limitations period for actions under 42 U.S.C. § 1983 is governed by state law. *See Wilson v. Garcia*, 471 U.S. 261, 268 (1985). The Supreme Court has mandated that under New Mexico law, the three-year statute of limitations for injuries to the person is the appropriate limitations period for actions arising under § 1983. *See id*. at 276. The § 1983 allegations against Defendants involve events that occurred on January 13, 2003. Plaintiff's complaint was not filed until February 3, 2006. Consequently, Plaintiff's claims are time barred and must be dismissed.

**IT IS THEREFORE ORDERED** that Defendant City of Albuquerque and Defendant Albuquerque Police Department's Motion to Dismiss, filed April 14, 2006, **[Doc. No. 10]** is **GRANTED**. Plaintiff's claims against Defendant City of Albuquerque and Defendant Albuquerque Police Department are hereby dismissed as time barred.

Dated this 14th day of June, 2006.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Plaintiff *Pro Se*

Attorneys for Defendants:
    Catherine DArlow, Esq.
    Katherine Levy, Esq.

---

[2] Plaintiff attached to his complaint a copy of the claim for damages he filed against the DEA and a copy of the citizen complaint he filed against Defendant Albuquerque Police Department shortly after the search of his home. Both of these documents indicate that the search of Plaintiff's home occurred on January 13, 2003.